IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AMERICAN REMANUFACTURERS, INC., *et al.,* | Case No. 05-20022 (PJW) |
| | (Jointly Administered) |
| Debtors. | |
| ──────────────────────────────── | |
| MONTAGUE S. CLAYBROOK, as Chapter 7 Trustee of the estates of AMERICAN REMANUFACTURERS, INC., *et al.,* | |
| Plaintiff, | Adv. No. 07-50967 (KG) |
| v. | |
| PRICEWATERHOUSECOOPERS US LLC D/B/A PRICEWATERHOUSECOOPERS LLC, | |
| Defendant. | **Re Dkt No. 5** |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT[1]**

The Court has before it defendant PriceWaterhouseCoopers LLC's Partial Motion to Dismiss (the "Motion") (D.I. 5), brought pursuant to Rule 12(b)(6) Fed. R. Civ. P., made applicable hereto by Rule 7012, Fed. R. Bankr. P. For the reasons stated below, the Motion will be granted, and the plaintiff will have thirty (30) days to amend its Complaint consistent with this Memorandum Opinion and accompanying Order.

---

[1] In this Opinion, the Court makes no findings of fact and conclusions of law pursuant to Rule 7052 Fed. R. Bankr. P. which provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule." The facts recited are those alleged in the Complaint.

I.  **Factual and Procedural Background**

On November 7, 2005 (the "Petition Date"), American Remanufacturers, Inc., and its affiliated entities (the "Debtors") each filed voluntary petitions for relief (the "Petitions") under Chapter 11 of the Bankruptcy Code. On November 9, 2005, this Court entered an Order authorizing the joint administration of the Debtors' cases [D.I. 34]. On November 17, 2005, this Court entered an Order converting the Debtors' cases to Chapter 7 [D.I. 88] and on November 18, 2005, the Trustee was appointed as Chapter 7 trustee of the Debtors' estates.

This adversary proceeding was filed on April 12, 2007 by the plaintiff, Montague S. Claybrook, Chapter 7 Trustee (the "Trustee"). The Trustee seeks to avoid and recover certain allegedly preferential and fraudulent transfers pursuant to Sections 547, 548, 549, and 550 of the Bankruptcy Code.

The defendant filed the Motion on June 1, 2007. In the Motion, the defendant seeks dismissal of Counts Two and Three of the Complaint, arguing that the Trustee has failed "…. to plead even the most basic of information regarding the transfer in issue, but merely parrot[s] the statutory elements of a claim for fraudulent and post-petition transfers…." (OB at 1.)[2]  The parties completed briefing on the Motion on July 3, 2007.

II. **Jurisdiction**

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a). This is a core proceeding as defined by 28 U.S.C. §

---

[2] Reference is to Defendant's Opening Brief in Support of its Motion (hereinafter, "OB at _.") [D.I. 6].

157(b)(2)(A), (F) and (O). Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409.

### III. Standard of Review

The defendant moves to dismiss Counts Two and Three of the Complaint, the fraudulent transfer and post-petition transfer claims, respectively, for failure to state a claim. *See* Rule 12(b)(6) Fed. R. Civ. P. A Rule 12(b)(6) motion serves to test the sufficiency of the factual allegations in the plaintiff's complaint. The Court must accept as true all well-pled allegations in the complaint and view them in the light most favorable to the plaintiff. *In re Rockefeller Ctr. Props., Inc. Secs. Litig.,* 311 F.3d 198, 205-06 (3d Cir. 2002). Furthermore, this Court has recently stated:

> The facts alleged in the complaint must be stated with sufficient particularity to notify the defendant of the charges against him so that he may adequately prepare an answer. *In re Global Link Telecom Corp.,* 327 B.R. 711, 718 (Bankr. D. Del. 2005). Fair notice requires more than mere parroting of statutory language. *Id. See also In re Circle Y of Yoakum, Texas,* 354 B.R. 349, 356 (Bankr. D. Del. 2006). "A bankruptcy trustee, as a third party outsider to the debtor's transactions, is generally afforded greater liberality in pleading fraud." *In re Am. Bus. Fin. Servs., Inc.,* No. A-06-50826, 2007 WL 528859, at *3 (Bankr.D.Del. Feb.13, 2007).
>
> A Rule 12(b)(6) motion to dismiss is designed to test the legal sufficiency of the factual allegations in the plaintiff's complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). All well-pleaded allegations in the complaint are accepted as true and are viewed in the light most favorable to the plaintiff. *In re Rockefeller Ctr. Props., Inc. Secs. Litig.,* 311 F.3d 198, 205-06 (3d Cir.2002). The Court is not required to accept legal conclusions or unsupported assertions. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir.1997). The Court may take judicial notice of certain facts. *See, e.g., S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426 (3d Cir.1999) ("To resolve a 12(b)(6) motion,

> a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."). A Rule 12(b)(6) motion will be granted if "it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Emerson v. Thiel Coll.,* 296 F.3d 184, 188 (3d Cir.2002) ("A complaint will withstand an attack under [Rule] 12(b)(6) if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery.") "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

*In re The Brown Schools*, 2007 WL 1620604, at *3 (Bankr. D. Del. 2007).

With respect to pleading constructive fraud, citing to *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)* 327 B.R. 711, 717-18 (Bankr. D. Del. 2005), this Court has previously explained:

> [A] claim of constructive fraud need not allege the common variety of deceit, misrepresentation or fraud in the inducement. This is because the transaction is *presumptively fraudulent* and all that need be alleged is that the conveyance was made without fair consideration while the debtor was functionally insolvent." *Id.* (emphasis added). A complaint alleging a constructively fraudulent conveyance need only "set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him so that [he] can prepare an adequate answer." *Id.* at 718 (internal quotation, citation omitted). *See DVI,* 326 B.R. at 305-06 (applying Rule 8(a)(2) notice pleading standard to motion to dismiss fraudulent transfer claim).

*Astropower Liquidating Trust, f/k/a Astropower, Inc., v. Xantrex Tech., et al.,* 335 B.R. 309, 333 (Bankr. D. Del. 2005) (emphasis in the original).

**IV.   Discussion**

The Court's decision on the Motion turns upon the facts alleged in the Complaint, not the conclusions that the plaintiff urges.  The factual allegations are contained in Count One

of the Complaint. Paragraph 12 alleges a preferential transfer was made during the Preference Period, on September 15, 2005, in the amount of $31,500.00, Check/Wire No. 200932. (Complaint, ¶12.) The Trustee then includes the following chart:

| Date | Amount | Check/Wire No. |
|---|---|---|
| 9/15/2005 | $31,500.00 | 200932 |

Paragraph 13 of Count One provides, "Each of the Transfers constituted a transfer of an interest in property of one or more of the Debtors."

The Trustee alleges in Count Two, in the alternative, that the transfer was fraudulent pursuant to Bankruptcy Code Section 548. Count Two provides:

> 19. Pleading in the alternative, the Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.
>
> 20. During the Preference Period, one or more of the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of, the Defendant.
>
> 21. Each of the Transfers constituted a transfer of an interest in property of one of more of the Debtors.
>
> 22. The Transfers were made to or for the benefit of the Defendant.
>
> 23. The Debtors received less than reasonably equivalent value in exchange for some of all of the Transfers.
>
> 24. The Debtors were insolvent, or became insolvent, and/or had unreasonably small capital in relation to their business or their transactions at the time or as a result of the Transfers.

>25. The Transfers were made within one (1) year prior to the Petition Date.
>
>26. Based on the foregoing, the Transfers constitute avoidable fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

(Complaint, ¶¶ 19-26.)

In Count Three, the Trustee claims, in the alternative, that the transfers constitute post-petition transfers pursuant to Bankruptcy Code Section 549. Count Three provides:

>27. Pleading in the alternative, the Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.
>
>28. After the Petitions were filed, one or more of the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of, the Defendant.
>
>29. Each of the Transfers constituted a transfer of an interest in property of one or more of the Debtors.
>
>30. Transfers were payments by one or more of the Debtors to the Defendant for services rendered and/or goods delivered pre-petition.
>
>31. The Transfers constitute one or more post-petition transfers of property of the estate that is authorized only under 11 U.S.C. §§ 303(f) or 542(c) or is not authorized under the Bankruptcy Code or by the Bankruptcy Court.
>
>32. Based on the foregoing, the Transfers constitute avoidable post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550.

(Complaint, ¶¶ 27-32).

The Court notes at the outset that the defendant does not seek to dismiss Count One,

as it complies with the requirements set forth in *Valley Media Inc. v. Borders, Inc (In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr. D. Del. 2003): (a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer. Under *Valley Media*, there is indeed a more liberal standard of pleading with respect to preference claims under Bankruptcy Code Section 547.

For allegations concerning fraudulent transfers, however, the plaintiff needs to state more than just conclusory statements which merely echo the statutory language. With respect to Counts Two and Three, the Trustee has pled no additional *facts* beyond those stated in Paragraph 12 of Count One. For example, turning to Paragraph 13, nowhere in the Complaint does the Trustee indicate *which* of the Debtors or affiliates made the transfers. Similarly, there are no facts stated which support the necessary allegation that the Debtors were insolvent. The Court agrees with the defendant that the allegations contained in Count Two do "nothing more than parrot the statutory elements of a fraudulent transfer under the Bankruptcy Code Section 548 (a)(1)(B)." (OB at 3.) Moreover, the defendant argues, and the Court agrees, that the Trustee "fails to make any specific allegations as to why the alleged fraudulent transfers were for less than reasonably equivalent value, nor does he allege any facts concerning how or why any particular Debtor was either insolvent when the alleged fraudulent transfer was made or rendered insolvent by making the alleged fraudulent transfer." *Id*. at p. 4. The Trustee does not even identify the "interest in property" at issue. Complaint, Paragraph 21.

In response, the Trustee argues, "[i]n fact, the Trustee alleges specific facts regarding transfers, including amount, date, transferor and transferee, that may support a claim for constructive fraud as pled in Count Two. Furthermore, Count Two meets the pleading standard set forth in Rule 8, Fed. R. Civ. P., for a constructive fraud claim." (PB at 2.)[3] The Court disagrees. The Trustee cannot rely on the bare conclusory allegations of Count One through incorporation by reference, particularly where, as here, the incorporated allegations are in support of a preference recovery which requires less information to survive a motion to dismiss and the plaintiff has pleaded the minimum facts necessary to sustain such claims. Even when viewing the facts in the light most favorable to the Trustee, none of the paragraphs that follow Paragraph 12 do anything other than recite the statutory language of Bankruptcy Code Section 547 (b).

With respect to Count Three, the Court agrees with defendant that beyond the identification of the alleged transfer, the Trustee merely parrots the statutory elements for recovery of a post-petition transfer, without including any identifying information as to how the alleged transfer can be considered as having been made post-petition. None of the paragraphs of Count One incorporated by reference provide the defendant fair notice of the grounds upon which Count Three rests. The Trustee concedes in its Opposition to the Motion, and as discussed by this Court in *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.),* 340 B.R. 510 (Bankr. D. Del. 2006), that the method of pleading used by the Trustee:

---

[3] Plaintiff's Memorandum of Law in Opposition to Defendant's Motion (hereinafter, "PB at _") [D.I. 8].

> has been referred to as a "shotgun" pleading by some courts. The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous. *In re DVI, Inc.,* 326 B.R. 301, 309 (Bankr.D.Del.2005) (*quoting Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir.2002)).

*Id*. at fn. 106.  The Trustee has requested standing leave to amend its Complaint if the Court grants the Motion..  Rule 15, Fed. R.Civ. P. permits a party to amend the complaint by leave of court or by written consent of the adverse party.  Leave to amend a complaint should be "freely given when justice so requires." Rule 15(a), Fed. R. Civ. P.  The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997).  None of the reasons for denying leave to amend exists in this case and the Court is satisfied that it would be unjust not to allow the Trustee an opportunity to meet the pleading requirements which the Court holds the Trustee has not satisfied.

### V.    Conclusion

The Court is sensitive to the difficulties facing a chapter 7 trustee in bringing actions to recover payments which on their face appear to be subject to avoidance.  The trustee often encounters records in disarray and members of management do not remain to assist or answer

questions. The Court is, accordingly, willing to be more lenient in what it requires to survive a motion to dismiss. At the same time, the Court must be sensitive to a defendant's entitlement to understand the basis of the claims it faces. At some point, the Court must exercise its authority to insist that a plaintiff provide enough facts to enable a defendant to defend itself without assuming the entire burden of disproving plaintiff's case instead of the plaintiff proving its case.

For the foregoing reasons, the defendant's Motion to Dismiss Counts Two and Three of the Complaint is **GRANTED.** Although the Trustee's request for leave to amend its Complaint is opposed by the defendant, the Court is convinced that it would be unjust not to grant the Trustee's request. Thus, the Trustee will be afforded thirty (30) days' leave to amend Counts Two and Three of its Complaint to satisfy the pleading requirements. An appropriate Order follows.

Dated: August 16, 2007

_____
KEVIN GROSS, U.S.B.J.